# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| THE PUTNAM GROUP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-67 (MTT) |
| FIRST-CITIZENS BANK AND TRUST COMPANY, INC., *assignee and successor in interest to the FDIC as receiver for Georgian Bank*, | ) |
| Defendant. | ) |

## ORDER

The Putnam Group, LLC has moved to disqualify First-Citizens Bank and Trust Company, Inc. (the "Bank")'s counsel, Stokes Carmichael & Ernst, LLP. Docs. 24; 25. On December 21, 2017, the Court held a telephone conference to address primarily the motion to disqualify. Doc. 52. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On August 25, 2014, the Bank filed a complaint in the United States District Court for the Northern District of Georgia against N.D. Horton Jr. and other affiliated businesses of Horton to collect a debt. Doc. 1 ¶ 5; *First-Citizens Bank & Trust Co. v. N.D. Horton, Jr., et al.*, No. 1:14-cv-02751, Doc. 1 (August 25, 2014) (the "Atlanta Case"). Notably, Putnam was not a party to that case.

On March 30, 2016, after the Bank obtained a judgment and writ of execution against all Horton defendants, the Bank's lawyers filed a "Joint Motion to Sell Certain

Assets," in which the parties agreed[1] to auction off certain assets and remit the proceeds to the court. Doc. 1 ¶ 6; *First-Citizens*, No. 1:14-cv-02751, Doc. 91 at 4-5 (March 30, 2016). The motion, which was later granted, stated that the "Horton Defendants, acting through the instrumentalities of Defendant Horton, and Horton Iron Works, LLC and The Putnam Group, LLC, have authorized the sale of certain personalty and realty." *First-Citizens*, No. 1:14-cv-02751, Doc. 92 at 3 (March 31, 2016).

Putnam agrees that Horton was authorized to sell its assets, but not for the benefit of the Bank. Doc. 50 at 82:20-83:4, 103:22-104:10. According to Horton, the proceeds from the sale of Putnam's assets were to be used to pay Putnam's federal taxes. *First-Citizens*, No. 1:14-cv-02751, Doc. 111-2 at 18:13-19:5 (April 15, 2016). Indeed, Horton testified at an April 15, 2016 deposition in the Atlanta Case that he owned "no part of Putnam Group, ha[s] never owned any part of it, and ha[s] nothing to do with the management of it." *Id.* at 18:9-12. Horton then testified that because Putnam never received the proceeds from the sale of its property, he believed the Bank "opened [itself] to a lawsuit from Putnam Group." *Id.* at 30:1-9. In short, according to Putnam, Horton made clear to the Bank's lawyers in the Atlanta Case that he was not authorized to sell Putnam's assets for the Bank's benefit. Doc. 25 at 2.

Despite Horton's testimony, on May 2, 2016, the Bank's lawyers filed a "Motion to Disburse Proceeds" to collect all proceeds from the auction sale. *First-Citizens*, No. 1:14-cv-02751, Doc. 107 (May 2, 2016). In that motion, the Bank's lawyers represented to the court that "Putnam Group never owned the Personalty and [is] not entitled to any

---

[1] At an April 15, 2016 deposition, Horton testified that he only consented to the motion to sell certain assets because the Bank was "threatening to cancel the auction if [he] didn't consent to it." *First-Citizens*, No. 1:14-cv-02751, Doc. 111-2 at 24:7-13 (April 15, 2016).

of the Proceeds." *Id.* at 17. The Bank's motion to disburse went unopposed, and the court ultimately granted the motion in a proposed order, which stated, in relevant part, that "The Putnam Group, LLC do[es] not have and ha[s] never had any interest in both the Personalty and the Proceeds." *First-Citizens*, No. 1:14-cv-02751, Doc. 118 at 3 (June 2, 2016).

## II. DISCUSSION

Putnam contends that Stokes Carmichael & Ernst, LLP should be disqualified because, under Rule 3.7 of the Georgia Rules of Professional Conduct, there is an apparent conflict of interest and lawyers from the Stokes firm will be necessary fact witnesses "as to what transpired in putting together consent orders in the Atlanta Case that resulted in the theft of property belonging to The Putnam Group, LLC." Doc. 24 at 3-6. The local rules of this Court and federal common law govern motions to disqualify. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x. 745, 752 (11th Cir. 2006). The movant bears the burden to prove the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). If a court bases disqualification on an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend lawyers, without any limit on such power." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Rather, the court must identify a rule and conclude that the lawyer violated it. *Id.* Because a litigant is presumptively entitled to counsel of its choosing, only a compelling reason will justify disqualification. *Id.* Moreover, because disqualification is a "harsh sanction, often working substantial hardship on the client," it "should be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982).

This Court's local rule, M.D. Ga. R. 83.2.1(A), provides that lawyers practicing in this Court "shall be governed by this Court's Local Rules, by the Rules of Professional Conduct adopted by the [Georgia Supreme Court], . . . [and] the American Bar Association Model Rules of Professional Conduct." The Georgia Supreme Court and the ABA Model Rules employ an identical Rule 3.7. Georgia Rule 3.7 provides, in pertinent part, that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

This case likely turns on what the Bank's lawyers in the Atlanta Case did and why they did it. While the Bank suggests one view of the facts—such as Horton fraudulently conveying his assets to Putnam—that justifies the actions taken by the lawyers in drafting the motions (Doc. 52 at 9-10), another view reasonably could be that the Bank's lawyers knew the assets did not belong to Horton and that Horton had no authority to sell the assets for the Bank's benefit. Only the Bank's lawyers in the Atlanta Case can explain the bases for the representations in their pleadings. For example, only they can testify why they represented that Putnam never owned the assets. Thus, it seems the Bank's lawyers in the Atlanta Case are necessary fact witnesses who will likely, although not certainly, testify as to their knowledge of certain facts that led to their representations to the court.

However, the lawyers who represented the Bank in the Atlanta Case have not, and will not, enter appearances on behalf of the Bank in this case.[2] Doc. 52 at 21-22. Georgia law is clear, and Putnam acknowledges, that the mere fact that some lawyers in a firm may testify as necessary witnesses does not automatically require the disqualification of all lawyers in that firm. *Id.* at 15-16; *McLaughlin v. Payne*, 295 Ga. 609, 611, 761 S.E.2d 289, 293 (2014). Rather, the entire firm is disqualified only if a conflict of interest exists between the firm and the client. *McLaughlin*, 295 Ga. at 611, 761 S.E.2d at 293. Here, Putnam contends that a conflict exists because the Bank may contend that the lawyers in the Atlanta Case acted improperly and without the Bank's authority, and would thus "point the finger at the law firm and get off of liability." Doc. 52 at 19. The Court agrees that if the Bank were to blame its lawyers for any culpable conduct, then a conflict would exist and no lawyer from the Stokes firm could represent the Bank in this case. However, the Court probed this point in depth with the Bank's lawyers at the December 21, 2017 telephone conference on the motion to disqualify. Specifically, the Court asked whether the Bank's lawyers in the Atlanta Case were acting within the scope of their authority to make certain representations to the court. Doc. 52 at 12. The Bank's lawyers responded in the affirmative and asserted that "the Bank does not see any conflict. . . . [a]nd to the extent there is any potential, waives it."

---

[2] The lawyers in the Atlanta Case are Marion Stokes, Jordan Chrietzberg, and Thomas Keough. The lawyers in the present action are Michael Joseph Ernst, John Griff Lucas, and Laurel Spainhour. All lawyers except Jordan Chrietzberg currently work at Stokes Carmichael & Ernst, LLP. Doc. 52 at 3.

*Id.* at 14. Assuming that is true, the Court finds no conflict of interest.[3] Accordingly, the Bank's counsel of record is not disqualified.[4]

### III. CONCLUSION

For the foregoing reasons, Putnam's motion (Docs. 24; 25) is **DENIED**.

**SO ORDERED** this 16th day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] At some point, the Court will require confirmation from the Bank that no conflict exists and that, in any event, the Bank has agreed to waive any conflict.

[4] Alternatively, the Bank argues that Putnam has waived its objection to the Bank's choice of counsel by failing to promptly raise it. Docs. 26 at 7; 33 at 4; 52 at 28. Putnam responds by stating that it "made sure of the merits of its motion before filing" and that only upon recently receiving certain discovery documents in September 2017 did Putnam realize the alleged misconduct by the Bank's lawyers. Doc. 32 at 2. But as the Bank points out, such discovery documents likely provided Putnam with "no new facts concerning [the Bank's] lawyers' role as counsel in the Atlanta Case." Doc. 33 at 4. Indeed, a simple search of the Atlanta Case would have not only revealed the Bank's counsel but also would have given Putnam access to all of the court filings and documents related to the auction. Accordingly, in the alternative, the Court finds that Putnam has waived its objection to the Bank's choice of counsel.